# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| PATRICIA A. GRANT, PH.D., | : | Case No. 3:25-cv-00391 |
| Plaintiff, | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| DEBORAH ELAINE GRANT SEABRON, PH.D, Individually and as Executor/ Administrator of The Estate of Burnett Grant, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION
## TO DENY *IN FORMA PAUPERIS* STATUS

Plaintiff Patricia Grant recently submitted two *pro se* civil complaints to the United States District Court for the Southern District of Ohio. The complaints instituted two actions:

1. *Grant v. Grant Seabron,* S.D. Ohio Case No. 3:25-cv-391, and

2. *Grant v. Heo,* Case No. S.D. Ohio Case No. 3:25-cv-392.

The cases appear to concern two parcels of real property located in Texas, and both name Texas citizens as defendants. Both cases are pending on the docket of District Judge Michael J. Newman. Certain matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the Court's Amended General Order No. DAY 21-01.

Currently pending before the Court in this case, Case No. 3:25-cv-391, is Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP") and without prepaying the fees to file the case. (Doc. No. 1.) For the reasons explained below, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Application.

Plaintiff states in her Application that she is not employed. (Doc. No. 1 at PageID 2.) She reports receiving "Veteran Administration Disability" and "Social Security Disability" funds over the past year of $61,971.60, or $5,164.30 per month. (*Id*.; *see also* PageID 8-9 [identifying monthly benefit amounts].) She does not have any dependents. (*Id*. at PageID 2.)

Plaintiff reports several monthly expenses, which together do not exceed her monthly income. (*Id*. at PageID 3.) Specifically, Plaintiff's reported monthly expenses total $4,759.77. (*Id*.) Her reported monthly income totals $5,164.30 (*Id*. at PageID 2), leaving $404.53 available per month. While Plaintiff asserts that her monthly expenses entirely consume her monthly income (*Id*. at PageID 4), her Application does not substantiate that statement.

In addition, Plaintiff appears to have assets, including a home and a vehicle. (*Id*. at PageID 3.) She reports that she pays a mortgage and vehicle loan payment, but she does not disclose her home or vehicle as assets. (*Id*. at PageID 2.) Plaintiff does report that she owns "Inherited Land" with an estimated market value of $70,000; this refers to one of two parcels of real estate in Texas, which was "awarded to [her] by a Texas court." (*Id*. at PageID 3, 4.) The value of the second Texas parcel is "[u]nknown." (*Id*. at PageID 4.)

Plaintiff asserts that these two parcels are "not liquid." (*Id*.) The value of, and Plaintiff's equity in, her home and vehicle are also unknown.[1]

"Anyone who files a lawsuit in federal court presumptively must pay a filing fee." *Crump v. Blue*, 121 F.4th 1108, 1110 (6th Cir. 2024) (citing 28 U.S.C. § 1914(a)). The total fee amount is $405, which consists of a $350 filing fee and a $55 administrative fee. However, a plaintiff "who cannot pay the fee may ask to proceed 'in forma pauperis,' a status that allows the litigant to pay the fee over time or sometimes not at all." *Id.* (citing § 1915(a)-(b)).

"Proceeding *in forma pauperis* is a privilege and not a right." *Ohio v. Ealy*, No. 1:09-cv-245, 2009 WL 1118704, at *1 (S.D. Ohio Apr. 24, 2009) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)). A litigant need not be absolutely destitute to be allowed to proceed *in forma pauperis*. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But an applicant must show that "because of his [or her] poverty," they cannot pay the fee and continue to afford the necessities of life. *Id.* Additionally, "[a] plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form." *West v. AFSCME Bldg. Corp.*, No. 2:22-cv-2235, 2022 WL 18142399, at *1 (W.D. Tenn. Apr. 14, 2022).

Whether to grant IFP status is within the Court's discretion, and the burden of convincing the Court is on the applicant. *Dotson v. Colvin*, No. 7:16-cv-198, 2016 U.S.

---

[1] Public records reflect that Plaintiff purchased her home in Kettering in 2022 for $232,310. *See* Montgomery County Auditor, https://www.mcrealestate.org/search/commonsearch.aspx?mode=address (last visited January 15, 2026).

3

Dist. LEXIS 205449, at *2 (E.D. Ky. Nov. 7, 2016). Courts "generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses" when considering an IFP application. *Crochran Through Shields v. Columbus City Sch.*, No. 2:15-cv-632, 2017 WL 11634750, at *1 (S.D. Ohio Nov. 20, 2017). However:

> Courts have routinely denied *in forma pauperis* status to litigants who have significant income and assets such as a home and vehicles, even if it would require some financial sacrifice in order for the applicant to pay the filing fee. . . . *In forma pauperis* status is usually reserved either for indigent prisoners or for persons who subsist on small fixed-income payments such as social security, unemployment compensation, or public assistance and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee.

*Bush v. Ohio Dep't of Rehab. & Correction*, No. 2:05-cv-667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007).

Here, Plaintiff has assets, including a home, two other parcels of real estate, and a vehicle. (Doc. No. 1 at PageID 3-4.) She has only provided an estimate of the value of one asset and has not adequately explained why the assets she did disclose are not liquid. Further, although she has a "fixed income" from two sources, it is not insignificant.[2] (Doc. No. 1 at PageID 2-3.) *Cf. Thompson v. Fuyao Glass Am.,* No. 3:25-cv-259, 2025

---

[2] Plaintiff's annual income of $61,971.60 exceeds the 2025 federal poverty guideline for a one-person household of $15,650. *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited January 13, 2026). "Although not the applicable standard for determining entitlement to IFP status, [the federal poverty] guidelines are used to determine financial eligibility for certain federal programs. As such, they provide a useful reference point in determining whether an individual is in poverty and, thus, likely unable to pay the required filing fee." *Muehlfeld v. Comm'r of SSA*, No. 3:23-cv-225, 2023 U.S. Dist. LEXIS 69271, at *6 (N.D. Ohio Feb. 14, 2023) (citing *Levet v. Comm'r of SSA*, No. 1:14-cv-1378, 2014 U.S. Dist. LEXIS 96078, 2014 WL 3508893, at *2 n.1 (N.D. Ohio July 15, 2014)).

U.S. Dist. LEXIS 164421, at *2-3 (S.D. Ohio Aug. 25, 2025), *report and recommendation adopted,* 2025 U.S. Dist. LEXIS 180855, at *1 (S.D. Ohio Sep. 15, 2025) (Rice, J.) (denying IFP status where the plaintiff earned $3,000 per month, supported four dependents, and had no assets).

Plaintiff emphasizes that her expenses include a sizeable consolidated debt, but her monthly payments—the ones disclosed—do not exceed her income as a mathematical matter, even without consideration of her assets. *See Muehlfeld v. Comm'r of SSA*, No. 3:23-cv-225, 2023 U.S. Dist. LEXIS 69271, at *5-6 (N.D. Ohio Feb. 14, 2023) (collecting cases) ("Financial ability has been found, and thus IFP denied, where income and assets exceed monthly expenses.").

The undersigned concludes that Plaintiff has not satisfied her burden to show that, because of her poverty, she cannot afford to pay the modest one-time cost of filing this case while still providing for the necessities of life. *See Adkins*, 335 U.S. at 339; *see also Dotson v. Colvin*, No. 7:16-cv-198, 2016 U.S. Dist. LEXIS 205449, at *4 (E.D. Ky. Nov. 7, 2016) (noting that a person "who owns a home, has real and personal property that could be liquidated, and receives steady income . . . would almost certainly not be granted IFP status, and accordingly, would have to make a financial calculation if [they] wanted to pursue a lawsuit.").

The undersigned therefore **RECOMMENDS** to District Judge Newman that the Court **DENY** Plaintiff's IFP Application (Doc. No. 1) and **ORDER** her to pay $405 (the $350 filing fee plus a $55 administrative fee) in full by a set deadline if she wants to proceed with this case.

Plaintiff may object to this recommendation as detailed in the section below. In the alternative, Plaintiff may pay $405 to the Clerk of Court. She is **ADVISED** that she must notify the Court if her mailing address changes while this case is pending. She may also wish to review the resources for *pro se* parties on the Court's website. *See* https://www.ohsd.uscourts.gov/pro-se.

**IT IS SO RECOMMENDED.**

                                                  */s/ Caroline H. Gentry*
                                                  Caroline H. Gentry
                                                  United States Magistrate Judge

**Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a *de novo* determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also

operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).